OPINION OF THE COURT
Ethel B. Danzig, J.
Defendant moves for an order dismissing the complaint herein for failure to state a cause of action, pursuant to CPLR 3211 (subd [a], par 7).
Plaintiff Emanuel Perreras sues for damages for injuries allegedly sustained while working as a longshoreman on defendant’s vessel on May 4, 1974. Mr. Perreras apparently received compensation benefits in accordance with a recommendation of the United States Department of Labor Compensation Board claim examiner, as set forth in a “Memorandum of Informal Conference” dated April 5, 1975, which award was paid on April 15, 1975. This action was then commenced on or about May 19, 1976.
Title 33 (§ 933, subd [b]) of the United States Code, a subdivision of the Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA), provides that a plaintiff’s cause of action against third parties, such as the defendant shipowner herein, is assigned by operation of law to the employer if he fails to bring suit within six months of an *1065 award of compensation. This suit was apparently commenced beyond the expiration of the six-month period. It is, therefore, defendant’s position, that by virtue of this assignment as a matter of law, the sole party with any cause of action against the shipowner is the plaintiff’s employer.
Plaintiff initially contends, however, that defendant has failed to show that an order was entered awarding plaintiff compensation and hence the six-month period has not expired.
Contrary to plaintiff’s literal interpretation of the statute, this court joins the United States District Court for the Southern District of New York in liberally construing the award provision and holding that “a memorandum issued by a claims examiner pursuant to an informal conference attended by the parties or their representatives constitutes an award under section 933(b) without issuance of a formal compensation order.” (Panzella v Skou, 471 F Supp 303, 306, and cases cited therein.) Consequently, plaintiff’s failure to commence a third-party action within six months of April 15,1975 operated as an assignment of the claim to the employer.
However, plaintiff also contends that the action has been reassigned to him and he is therefore entitled to commence this action pursuant to subdivision (a) of rule 17 of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix) since (a) he is beneficially interested and (b) his employer’s workers’ compensation carrier ratified the commencement.
Subdivision (a) of rule 17 of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix) reads in relevant part that: “No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
Plaintiff has annexed to its opposition papers a letter from the Chubb Group of Insurance Companies, dated *1066 August 11, 1981, ratifying plaintiff’s commencement and continuance of his action, agreeing not to bring a separate action, to be bound by any judgment or release obtained herein, and asserting its lien and credit rights to any recovery in this matter.
The assignment of the right to sue under title 33 (§ 933, subd [b]) of the United States Code vests in the employer upon the employee’s failure to bring suit within the specified six-month period. The assignment is not absolute, however, and the right of action may be revested in the longshoreman when it becomes manifest that the assignee, with knowledge of its exclusive right to control and prosecute the claim, nevertheless declines to do so for any reason. (Caldwell v Ogden Sea Transp., 618 F2d 1037.)
This court agrees with the reasoning of the Fourth Circuit Court of Appeals, in the Caldwell case (supra, p 1047), which stated that: “the purpose behind the statutory assignment under 933(b) and (h) is to protect the assignee’s right to recoup compensation benefits paid and to enhance the possibility that third person tortfeasors will be held to liability by giving the right of action over to that one of the two beneficially interested parties normally best able in terms of resources and experience to prosecute it. See Potomac Electric Power Co. v. Wynn, 120 U.S.App.D.C. 13, 16, 343 F.2d 295, 298 (D.C.Cir.1965) (per curiam). If the statutory assignee does not care to exercise the exclusive right and chooses instead to reassign it to the other beneficially interested party for prosecution, no statutory purpose is offended, and indeed the underlying purpose of holding a third person tortfeasor to liability will presumably be furthered. So far as the third person’s interests are concerned, reassignment clearly gives no offense to the statutory scheme.”
While restricting the circumstances under which the right of action may revest in the employee, the Second Circuit suggested in Rodriguez v Compass Shipping Co. (617 F2d 955) that ratification of the action by the employer might permit the maintenance of a suit by the employee. Although the Supreme Court’s subsequent affirmance of the Court of Appeals decision in Rodriguez (451 US 596) specifically rejected the Fourth Circuit’s view in *1067 Caldwell that a longshoreman had the right after his employer failed to institute suit within the six-month limitation period to compel such a suit or have his cause of action revested, it did not, in this court’s opinion, specifically deal with that portion of the Caldwell decision which held that an actual reassignment by the employer would be efficacious.
In this case, there is a voluntary ratification by the plaintiff’s workers’ compensation carrier, with wording essentially identical to the wording of the ratification document from the insurance carrier in the case of Motta v Resource Shipping Enterprises Co. (499 F Supp 1365,1371, Tenney, J.) in which the court denied defendant’s motion to dismiss the complaint on the ground that the plaintiff employee was not the real party in interest. As Judge Tenney said in his decision: “The purpose of the real party in interest rule is to ‘protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.’ Notes of Advisory Committee, Fed. R. Civ. P. 17(a), 1966 Amendment. A letter or document that ratifies the commencement and continuation of an action may be sufficient to cure any real party in interest defects in the suit. deVries v. Weinstein Int’l Corp., 80 F.R.D. 452, 459 (D. Minn. 1978); Clarkson Co. v. Rockwell Int’l Corp., 441 F. Supp. 792, 797-98 (N.D. Cal. 1977); Wright & Miller, Federal Practice and Procedure: Civil § 1555, at 709.”
Although there appears to be no counterpart to this particular ratification provision in New York procedural law, the principle underlying subdivision (a) of rule 17 of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix) — namely, the protection of a defendant against multiple actions — is equally applicable in the State courts. (See DeLuzio v Transamerican Trailer Transp., Supreme Ct, NY County, Index No. 12339/80, Altman, J.) Therefore, the application of the reasoning of the recent Federal decisions to the instant action is warranted.
It is this court’s determination that the letter from the Chubb Group of Insurance Companies constitutes a reassignment of its interests in the claim to plaintiff, Emilio
*1068 Ferreras, who thus becomes again, as he was during the statutory six-month period, the real party in interest entitled to bring this action. (Marullo v Reederi Richard Schroeder, K.G., 79 Civ 3757, US Dist Ct, SONY, July 30, 1981, Goettel, J.; Del Re v Prudential Lines, 80 Civ 2349, US Dist Ct, SDNY, June 18, 1981, Sand, J.)
Accordingly, defendant’s motion to dismiss the complaint for failure to state a cause of action is, in all respects denied, and the case is restored to the appropriate calendar upon payment of the proper fees to the calendar clerk.