PALLAS SHIPPING AGENCY, LTD. *v.* DURIS

No. 82–502.   Argued April 25, 1983—Decided May 23, 1983

MARSHALL, J., delivered the opinion for a unanimous Court.

*William D. Carle III* argued the cause for petitioner. With him on the briefs was *Lucian Y. Ray.*

*Thomas W. Gallagher* argued the cause for respondent. With him on the briefs was *Frank W. Cubbon, Jr.**

JUSTICE MARSHALL delivered the opinion of the Court.

Under § 33(b) of the Longshoremen's and Harbor Workers' Compensation Act, an injured longshoreman who accepts

---

*\*Francis X. Byrn* and *John M. Toriello* filed a brief for American President Lines, Ltd., et al. as *amici curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed by *Solicitor General Lee, Deputy Solicitor General Geller, Richard G. Wilkins, T. Timothy Ryan, Jr., Karen I. Ward,* and *Mary-Helen Mautner* for the United States; by *Howard A. Specter, C. Arthur Rutter, Jr., Ross Diamond III,* and *Paul S. Edelman* for the Association of Trial Lawyers of America; and by *Charles Sovel* for Local 1291, International Longshoremen's Association, AFL–CIO, et al.

"compensation under an award in a compensation order" has six months in which to file a negligence action against a third party, after which time the longshoreman's cause of action is irrevocably assigned to his employer. This case presents the question whether a longshoreman's acceptance of voluntary compensation payments gives rise to an assignment under § 33(b).

I

On May 19, 1975, respondent Joseph Duris fell from a ladder and was injured while working as a longshoreman aboard the M/V *Regent Botan* at the Port of Toledo, Ohio. At the time of the accident, the vessel was chartered by Erato Shipping, Inc. Duris' employer, Toledo Overseas Terminal, Inc., did not contest his right to compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). On June 2, 1975, the employer filed Form LS–206, entitled "Payment of Compensation Without Award," with the Department of Labor. The document indicated the employer's agreement to commence payments to Duris in the amount of $149.14 every two weeks. Payments to Duris continued for nearly two years. On April 26, 1977, the company terminated the payment of benefits by filing Form LS–208, labeled "Compensation Payment Stopped or Suspended."

On February 19, 1980, Duris commenced this action in the District Court for the Northern District of Ohio to recover for injuries suffered as a result of the accident aboard the M/V *Regent Botan*. An amended complaint named petitioner Pallas Shipping Agency, Ltd., as a defendant. Petitioner is a successor of Erato Shipping, Inc., the company which chartered the M/V *Regent Botan*. Duris alleged that the bareboat charterer had been negligent in maintaining the ladder from which he fell. The District Court dismissed respondent's claim for failure to establish *in personam* jurisdiction.

The Court of Appeals reversed. *Duris* v. *Erato Shipping, Inc.*, 684 F. 2d 352 (CA6 1982). After concluding that personal jurisdiction could properly be asserted over petitioner based on the acts of its predecessor corporation, the court considered the question whether the lapse of six months after Duris' acceptance of voluntary compensation payments triggered an assignment of his claim under § 33(b). The court held that, in the absence of a formal compensation order or award entered by the Secretary of Labor, an employee's acceptance of compensation payments cannot lead to an assignment of his right of action against third parties. In reaching this conclusion, the Court of Appeals declined to follow the decision of the Court of Appeals for the Fourth Circuit in *Liberty Mutual Ins. Co.* v. *Ameta & Co.*, 564 F. 2d 1097 (1977). We granted certiorari to resolve this intercircuit conflict, 459 U. S. 1014 (1982), and we now affirm.

## II

The Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U. S. C. § 901 *et seq.* (1976 ed. and Supp. V), provides a comprehensive scheme governing the rights of an injured longshoreman. If, as is generally true in cases in which a longshoreman files a claim under the Act, his employer does not contest liability, the employer must pay compensation to the disabled longshoreman within two weeks of learning of his injury, 33 U. S. C. § 914; 20 CFR §§ 702.231–702.232 (1982), and must file an appropriate form, Form LS–206, with the Deputy Commissioner in the Department of Labor. 33 U. S. C. § 914; 20 CFR § 702.234 (1982).

When an employer controverts a compensation claim or the injured longshoreman contests actions taken by the employer with respect to his claim, the dispute may be resolved in administrative proceedings. 33 U. S. C. § 919 (1976 ed. and Supp. V). If the dispute cannot be resolved informally under procedures developed by the Department of Labor, 20

CFR §§ 702.301–702.319 (1982), the contested claim will proceed to a formal hearing, which culminates in the entry of an order by the Deputy Commissioner "reject[ing] the claim or mak[ing] an award in respect of the claim." 33 U. S. C. §§ 919(c), 919(e).[1] An order making an award, referred to as "a compensation order," 33 U. S. C. § 919(e), is reviewable by the Benefits Review Board, 33 U. S. C. § 921(b) (1976 ed. and Supp. V), and enforceable in federal court. 33 U. S. C. § 921(d). An employer's failure to make timely payments under a compensation order results in a substantial penalty. 33 U. S. C. § 914(f).

Although workers' compensation generally constitutes a longshoreman's exclusive recovery from his employer, a longshoreman who accepts compensation does not thereby relinquish any claim against the shipowner, charterer, or other third party. 33 U. S. C. § 933(a). Under § 33(b) of the Act, however, a longshoreman who accepts "compensation under an award in a compensation order" must sue the third party within six months, or not at all. If the employee fails to bring suit within this period, his cause of action is irrevocably assigned to his employer. See *Rodriguez* v. *Compass Shipping Co.*, 451 U. S. 596 (1981). Section 33(b) provides in full:

> "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against

---

[1] Even if § 19(c) of the Act, 33 U. S. C. § 919(c), requires the Deputy Commissioner to issue an order with respect to any uncontested compensation claim, as petitioner argues, cf. *Czaplicki* v. *The Hoegh Silvercloud*, 351 U. S. 525, 528, n. 9 (1956), it is not disputed that in this case no compensation order was filed by the Deputy Commissioner prior to Duris' commencement of the instant lawsuit.

such third person within six months after such award."
44 Stat. 1440, as amended, 33 U. S. C. § 933(b).

Petitioner contends that the voluntary payment of compensation benefits to Duris, along with the filing of Forms LS–206 and LS–208 with the Department of Labor, constituted an "award in a compensation order" which resulted in an assignment of Duris' claim to his employer when he failed to bring suit within the next six months.

We disagree. Section 33(b) triggers an assignment of an injured longshoreman's cause of action against a third party only after he has accepted compensation "under an award *in a compensation order* filed by the deputy commissioner or Board." (Emphasis added.) The term "compensation order" in the LHWCA refers specifically to an administrative award of compensation following proceedings with respect to the claim. 33 U. S. C. § 919(e).[2] In this case, no administrative proceedings ever took place, and no award was ever ordered by the Deputy Commissioner.

Petitioner correctly points out that Duris' employer filed Forms LS–206 and LS–208 as required by 33 U. S. C. § 914(c) to "notify the deputy commissioner . . . that payment of compensation has begun or has been suspended." But such filings are distinguishable from compensation orders in form, function, and legal effect: they are not issued by the Deputy Commissioner; they are neither administratively reviewable nor judicially enforceable; and the failure to make timely payments pursuant to the agreement embodied in Form LS–206 results in a less substantial penalty than a failure to comply with the terms of a compensation order.

---

[2] Section 19(e) of the Act, 33 U. S. C. § 919(e), provides:

"The order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail or by certified mail to the claimant and to the employer at the last known address of each."

33 U. S. C. §§ 914(e), (f).[3]  Nothing in the Act suggests that the filing of these forms is equivalent to "an award in a compensation order."

The history of the LHWCA confirms that "a compensation order" was not intended to include a document testifying to an employer's voluntary payment of compensation under the Act.  This statutory language was first incorporated into § 33(b) when the LHWCA was amended in 1938.[4]  As we described in *Bloomer* v. *Liberty Mutual Ins. Co.*, 445 U. S. 74, 79 (1980):

---

[3] Section 14(f) of the Act, 33 U. S. C. § 914(f), provides that if any compensation payable under the terms of an award is not paid within 10 days after it becomes due, the employer shall be required to pay an additional amount equal to 20% of the unpaid compensation unless a stay of payment is issued by the Benefits Review Board or by a court pending review of the compensation order.

Section 14(e), 33 U. S. C. § 914(e), provides that if any compensation payable in the absence of an award is not paid within 14 days, the employer shall be required to pay an additional amount equal to 10% of the unpaid compensation unless the employer files notice controverting the right to compensation or such nonpayment is excused by the Deputy Commissioner.

[4] As originally enacted, § 33 provided:

"(a) If on account of a disability or death for which compensation is payable under this Act the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election."  44 Stat. 1440.

As amended in 1938, § 33 provided in relevant part:

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."  52 Stat. 1168.

> "[T]he Act [as originally enacted in 1927] required a longshoreman to choose between the receipt of a compensation award from his employer and a damages suit against the third party. Act of Mar. 4, 1927, § 33, 44 Stat. 1440. If the longshoreman elected to receive compensation, his right of action was automatically assigned to his employer. In 1938, however, Congress provided that in cases in which compensation was not made pursuant to an award by a deputy commissioner . . . , the longshoreman would not be required to choose between the compensation award and an action for damages. Under the 1938 amendments, no election was required unless compensation was paid pursuant to such an award. See Act of June 25, 1938, ch. 685, §§ 12, 13, 52 Stat. 1168."

The requirement of a formal award was designed to protect the longshoreman from the unexpected loss of his rights against a negligent third party and to permit him to make a considered choice among available remedies. As the House Committee explained:

> "Acceptance of compensation without knowledge of the effect upon such rights may work grave injustice. The assignment of this right of action against the third party might properly be contingent upon the acceptance of compensation under an award in a compensation order issued by the deputy commissioner, thus giving opportunity to the injured person . . . to consider the acceptance of compensation from the employer with the resultant loss of right to bring suit in damages against the third party. . . ." H. R. Rep. No. 1945, 75th Cong., 3d Sess., 9 (1938).

Thus, as this Court recognized in *American Stevedores, Inc. v. Porello*, 330 U. S. 446, 454–456 (1947), Congress clearly did not contemplate that the mere acceptance of compensa-

tion benefits, in the absence of an award by the Deputy Commissioner, would trigger an immediate assignment of the longshoreman's claim against third persons, for such voluntary payments would not adequately apprise the longshoreman of the election of remedies.

In 1959 Congress eliminated the harsh election-of-remedies requirement.[5] As amended, § 33(b) allows a longshoreman to bring a suit against a third party within six months after accepting payments under "an award in a compensation order." There is no indication, however, that Congress intended to alter this statutory language governing the prerequisites for an assignment of the longshoreman's right of action. To the contrary, Congress indicated that its aim in amending § 33 was "to continue the current judicial construction" of the retained portions of the provision. 105 Cong. Rec. 9226 (1959). As noted above, this Court had previously concluded in *American Stevedores, Inc.* v. *Porello, supra,* that an assignment occurred under § 33(b) only after a longshoreman accepted an award by the Deputy Commissioner.

Moreover, the Act continues to equate a "compensation order" with the formal document filed by the Deputy Commissioner at the conclusion of administrative proceedings, as it has since the LHWCA was enacted. See §§ 19, 21–22, 44 Stat. 1435–1437. Finally, limiting § 33(b) to formal compensation orders continues to serve the underlying congres-

---

[5] As we explained in *Bloomer* v. *Liberty Mutual Ins. Co.*, 445 U. S. 74, 80 (1980):

"In 1959, Congress amended the Act to delete the election-of-remedies requirement altogether. Act of Aug. 18, 1959, 73 Stat. 391. Existing law was felt to 'wor[k] a hardship on an employee by in effect forcing him to take compensation under the act because of the risks involved in pursuing a lawsuit against a third party.' S. Rep. No. 428, 86th Cong., 1st Sess., 2 (1959). The result was that an injured employee 'usually elects to take compensation for the simple reason that his expenses must be met immediately, not months or years after when he has won his lawsuit.' *Ibid.;* see H. R. Rep. No. 229, 86th Cong., 1st Sess. (1959)."

sional purposes even though the statute no longer requires an immediate election of remedies. Service of the compensation order puts the longshoreman on notice that his acceptance of future compensation payments will result in the irrevocable assignment of his claims, albeit not immediately but six months later. Of equal importance, the requirement of a formal compensation order enhances an injured longshoreman's opportunity to make a well-considered decision whether to bring an action against a third party by allowing him to delay his decision until the amount of compensation to which he is entitled under the Act is clearly established in a judicially enforceable order.

Petitioner contends that the requirement of a formal compensation order prior to the assignment of an injured longshoreman's claims will frustrate the Act's aims of ensuring prompt payment to injured workers and of relieving claimants and their employers of the undue expense and administrative burden of litigating compensation claims. It is said that employers who desire to seek indemnification from the negligent third party will be encouraged to contest their liability in order to obtain a compensation order instead of making voluntary payments. We do not find this contention persuasive. Employers are not required to contest their liability in order to obtain a formal compensation award. Department of Labor regulations permit an employer who makes voluntary payments to obtain a compensation order upon request if there is no disagreement among the parties. 20 CFR § 702.315(a) (1982). Moreover, even without a statutory assignment of the longshoreman's claims, an employer can seek indemnification from negligent third parties for payments it has made to the longshoreman. See *Federal Marine Terminals, Inc.* v. *Burnside Shipping Co.*, 394 U. S. 404 (1969); *Crescent Wharf & Warehouse Co.* v. *Barracuda Tanker Corp.*, 696 F. 2d 703 (CA9 1983). For these reasons, the employer who seeks to bring an action against a ship-

owner, charterer, or other third person has little to gain from contesting his liability to the longshoreman under the LHWCA.

We therefore conclude that respondent's acceptance of voluntary compensation payments did not constitute "[a]cceptance of such compensation under an award in a compensation order" so as to give rise to the assignment of respondent's claims against third persons.   Accordingly, the judgment of the Court of Appeals is

*Affirmed.*