OPINION OF THE COURT
Ethel B. Danzig, J.
Motion for leave to rehear defendant’s motion to dismiss plaintiff’s complaint, pursuant to CPLR 3211 (subd [a], par 7), is granted, and on rehearing defendant’s motion is again denied based on the recent Supreme Court decision of Pallas Shipping Agency v Duris (461 US_, 51 USLW 4580).
Plaintiff commenced an action for damages for injuries allegedly sustained on May 4, 1974, while working as a longshoreman aboard defendant’s vessel Val de Caes. He received compensation benefits in accordance with a recommendation of the United States Department of Labor Compensation Board claim examiner, as set forth in a “Memorandum of Informal Conference” dated April 5, 1975. The award was paid to plaintiff Perreras on April 15, 1975. This action was then commenced against the defendant shipowner on or about May 19, 1976.
Under subdivision (b) of section 33 of the Longshoremen’s and Harbor Workers’ Compensation Act (the Act; *115 US Code, tit 33, § 933, subd [b]), an injured longshoreman who accepts compensation under an award in a compensation order has six months after acceptance of the award in which to file a negligence action against a third party. If he fails to file his action within the six-month time period, his cause of action is then automatically assigned to his employer.
In the original decision (112 Misc 2d 1064), this court found that the assignment provision of subdivision (b) of section 33 was not absolute and that the right of action could revest in the longshoreman, under certain circumstances, i.e., when it became manifest that the assignee, with knowledge of its exclusive right to control and prosecute the claim, nevertheless, declined to do so. This court then denied defendant’s motion to dismiss determining that a letter from plaintiff’s workers’ compensation carrier, voluntarily ratifying the action commenced by the plaintiff, constituted a reassignment of the employer’s interest in the claim to plaintiff and that the plaintiff then became the real party in interest, and was entitled to bring the action.
Defendant now brings this motion for leave to rehear on the grounds that the case law originally relied upon concerning the ratification of plaintiff’s Federal cause of action has been reversed (Del Rev Prudential Lines, 669 F2d 93 [CA 2d, 1982], cert den _ US _, 103 S Ct 81). In Del Re, the Second Circuit Court of Appeals held that subdivision (b) of section 33 constitutes an absolute bar to suits by a longshoreman brought more than six months after he receives an award in a compensation order, rejecting the “ratification” theory under subdivision (a) of rule 17 of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix).
This court, however, will not have to reach the ratification question because of the recent Supreme Court decision in Pallas Shipping Agency v Duris (461 US_, supra).
In opposition to the original motion, plaintiff argued that defendant had failed to show that plaintiff Forreras accepted compensation “under an award in a compensation order filed by the deputy commissioner or Board” as required by subdivision (b) of section 33, and therefore, that *116 the assignment provision had not become operative. This court rejected plaintiff’s literal interpretation of the statute, and joined the United States District Court for the Southern District of New York in liberally construing the award provision and holding that “a memorandum issued by a claims examiner pursuant to an informal conference attended by the parties or their representatives constitutes an award under section 933(b) without issuance of a formal compensation order”. (Panzella v Skou, 471 F Supp 303, 306, and cases cited therein.) The Supreme Court of the United States, however, has just affirmed the Sixth Circuit Court of Appeals holding that “in the absence of a formal compensation order or award entered by the Secretary of Labor, an employee’s acceptance of compensation payments cannot lead to an assignment of his right of action against third parties” (emphasis supplied; Duris v Erato Shipping, 684 F2d 352, affd sub nom. Pallas Shipping Agency v Duris, 461 US _, __, 51 USLW 4580, 4581, supra). This court agrees.
“Section 33(b) triggers an assignment of an injured longshoreman’s cause of action against a third party only after he has accepted compensation ‘under an award in a compensation order filed by the deputy commissioner or Board’ ”. (Pallas Shipping Agency v Duris, 461 US_, _, 51 USLW 4580, 4582, supra.) Although there is no dispute between the parties in this case that the plaintiff employee received workers’ compensation benefits in accordance with a recommendation of the United States Department of Labor Compensation Board set forth in a “Memorandum of Informal Conference”, there is no evidence presented that a compensation award was ever filed by the deputy commissioner or the Benefits Review Board.
The requirement of a formal order, first incorporated into the statute in 1938 “was designed to protect the longshoreman from the unexpected loss of his rights against a negligent third party and to permit him to make a considered choice among available remedies * * * Thus, as [the Supreme] Court recognized in American Stevedores, Inc. v Porello, 330 U.S. 446, 454-456 (1947), Congress clearly did not contemplate that the mere acceptance of *117 compensation benefits, in the absence of an award by the deputy commissioner, would trigger an immediate assignment of the longshoreman’s claim against third persons, for such voluntary payments would not adequately apprise the longshoreman of the election of remedies.” [Pallas Shipping Agency v Duris, 461 US_, _, 51 USLW 4580, 4581, 4582, supra.)
In 1959, Congress amended the Act to eliminate the harsh election-of-remedies requirement. “There is no indication, however, that Congress intended to alter this statutory language governing the prerequisites for an assignment of the longshoreman’s right of action. To the contrary, Congress indicated that its aim in amending § 33 was ‘to continue the current judicial construction’ of the retained portions of the provision * * * [Limiting § 33(b) to formal compensation orders continues to serve the underlying congressional purposes even though the statute no longer requires an immediate election of remedies. Service of the compensation order puts the longshoreman on notice that his acceptance of future compensation payments will result in the irrevocable assignment of his claims, albeit not immediately but six months later. Of equal importance, the requirement of a formal compensation order enhances an injured longshoreman’s opportunity to make a well-considered decision whether to bring an action against a third party by allowing him to delay his decision until the amount of compensation to which he is entitled under the Act is clearly established in a judicially enforceable order.” (Pallas Shipping Agency v Duris, 461 US_, _, 51 USLW 4580, 4582-4583, supra.)
Accordingly, upon rehearing, this court denies defendant’s motion to dismiss plaintiff’s complaint under CPLR 3211 (subd [a], par 7) with leave to renew upon proof that a compensation order was filed by the deputy commissioner or the Benefits Review Board.