**Catello ERCOLE, Plaintiff,**

v.

**COMPANIA DE NAVAGACAO, Lloyd Brasileiro, Defendants.**

**No. 78 Civ. 5108 (ADS).**

United States District Court,
S.D. New York.

June 1, 1984.

Howard Fishkin, Zimmerman & Zimmerman, New York City, for plaintiff Ercole.

James R. Campbell, Gulmi, LaPenta, Campbell, Burns & Mahoney, New York City, for defendants.

MEMORANDUM AND ORDER

SOFAER, District Judge.

Plaintiff moves to vacate a judgment of dismissal dated August 21, 1981, arguing he was in effect under a "disability" to appeal the ruling on which the judgment was based, since *Rodriquez v. Compass Shipping Co.*, 617 F.2d 955 (2d Cir.), *aff'd* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1980), made an appeal seem fruitless at the time. He argues that thereafter, however, in *Pallas v. Duris*, 461 U.S. 529, 103 S.Ct. 1991, 76 L.Ed.2d 120 (1983), the Supreme Court made clear that a formal compensation order must be entered before the statutory six-month time limit on suits by longshoremen against shipowners, 33 U.S.C. § 933(b), begins to run. No formal compensation order was entered in this case, although the record shows that plaintiff's compensation claim was settled through administrative action ending in a letter agreement signed by all the parties. (Notice of Motion, PX 1)

As the procedural history of this case demonstrates, the disability plaintiff complains of is simply the constraints of stare decisis and res judicata shared by all litigants. This maritime personal injury case was filed in 1978. In October of 1979 the defendant shipowner moved for summary judgment on the ground that as plaintiff had delayed more than six months after reaching a settlement with his employer before filing his claim, his rights against third parties had been assigned by operation of law to the employer, under 33 U.S.C. § 933(b). The plaintiff contended,

however, that the six-month assignment period had never been activated since no formal order of settlement was ever filed.

On March 19, 1980 the Second Circuit ruled in *Rodriguez* that an informal compensation order sufficed to trigger the running of the six month period. Rodriguez filed a petition for certiorari with the Supreme Court, and in April this court placed the matter on its suspense calendar as the parties appeared to agree that the Supreme Court's resolution of *Rodriguez* would determine the proper outcome of their dispute. Closer examination of the Supreme Court's grant indicates that the Court did not actually certify the issue of whether an informal order was sufficient to trigger section 933(b), *see Rodriguez*, 449 U.S. 818, 101 S.Ct. 69, 66 L.Ed.2d 20, 451 U.S. 596, 598–99 & n. 3, 101 S.Ct. 1945, 1948 & n. 3, 66 L.Ed.2d 20 (1980); thus *Rodriguez* was the unchallenged law of this Circuit from the date it was rendered until 1983 when it was overruled by *Pallas*. In any event, following the Supreme Court's affirmance of *Rodriguez*, defendant renewed its summary judgment motion and this court granted it. Plaintiff argues that this was a miscarriage of justice yet the doctrine of stare decisis would brook no other result. "[D]istrict courts in a circuit owe obedience to a decision of the court of appeals and must follow it until the court of appeals sees fit to overrule it." 1B Moore's Federal Practice, ¶ 0.402[1]. Plaintiff neither filed an appeal nor moved for a stay or reconsideration of his claims. He candidly admits this was because he had concluded that the law of the Second Circuit, although plainly wrong, was just as plainly against him, but argues that this circumstance placed him under a "disability" to appeal justifying an exception to res judicata principles. For this novel proposition he cites *Klopprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1948) where a plaintiff was granted an opportunity to overcome the res judicata effect of a default judgment entered while he lay ill in jail.

If a party fails to appeal or seek review of a lower court's decision on the merits

the doctrine of res judicata precludes relitigation of the claims. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Moore, supra* at ¶ 0.402[1]. "Nor are the res judicata effects of a final judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Moitie*, 452 U.S. at 398, 101 S.Ct. at 2428. The judicial process cannot guarantee a correct result; it can do no more than assure one full and fair opportunity to present one's case, with a right to appeal. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Courts have long recognized that "the mischief of retrying every [erroneous] case ... would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in the individual cases." *United States v. Throckmorton*, 98 U.S. 61, 68–69, 25 L.Ed. 93 (1878). The decision in *Pallas* comes too late for this plaintiff who "made a deliberate tactical decision not to appeal." *Moitie*, 452 U.S. at 403, 101 S.Ct. at 2430 (Blackmun, J. concurring). Plaintiff should have preserved his claim by appealing or moving for a further stay pending Supreme Court resolution of the specific question presented.

■ Plaintiff's delays also make the granting of relief inequitable and unjust. The shipowner involved here has gone out of business; the alleged accident occurred over eight years ago, and these matters are notoriously difficult to try even when the events are relatively recent. Moreover, plaintiff has repeatedly delayed in asserting his rights, most recently by waiting some 10 months after the Supreme Court opinion issued in *Pallas* before making this motion to vacate. For all these reasons, therefore, the motion is denied. F.R.C.P. 60(b).

SO ORDERED.