Chandler W. SYKES, Jr.

v.

PATRAI SHIPPING CORPORATION.

Civ. A. No. 79–4068.

United States District Court,
E.D. Pennsylvania.

Jan. 14, 1985.

John T. Biezup, Philadelphia, Pa., for plaintiff.

Louis S. Fine, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

HUYETT, District Judge.

This action arises out of a claim for damages by a longshoreman, Chandler W. Sykes, against shipowner, Patrai Shipping Corporation, for injuries sustained by plaintiff aboard defendant's "M/V Patrai" as a result of the alleged negligence of the defendant. Sykes alleges that he was injured on October 19, 1979, while climbing down a ladder from which a rung was missing, and as a result he is now permanently disabled.

Presently pending before me is defendant Patrai's motion for partial summary judgment. Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. To prevail on a motion for summary judgment, the moving party must establish the

absence of a genuine issue of material fact; all reasonable doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Defendant Patrai contends that plaintiff is collaterally estopped from offering evidence of past or continuing disability after October 2, 1981. On October 2, 1981, plaintiff returned to work at the Amstar Pier; on November 13, 1981, while lifting a tank from his bulldozer, plaintiff experienced severe back pain. Plaintiff ceased working after this incident and began to collect worker's compensation. For nearly two years, plaintiff continued to receive worker's compensation on the basis of his "temporary total" disability. On August 5, 1983, plaintiff's counsel received two forms from the U.S. Department of Labor. The first, form LS–206, was a notice of final payment or suspension of payments and compensation which stated that plaintiff's payments were being suspended because his disability status as of November 10, 1982 was "temporary partial" as opposed to "temporary total;" therefore, plaintiff had received an overpayment of compensation benefits and suspension was necessary until the overpayment was recouped. (Defendant's exhibit "P") The second form plaintiff's counsel received on August 5, 1983, form LS–208, stated that plaintiff's disability had been reclassified from "temporary total" to "temporary partial."[1]

An informal conference was held on October 5, 1983 before a representative of the Department of Labor, at which both parties to this action appeared and at which two issues were addressed: the extent of plaintiff's disability and whether the November 13, 1981 incident constituted a "new" injury or an aggravation of an "old" injury.

The resulting memorandum issued by the Department of Labor dated October 12, 1983 recommended that the November 13, 1981 injury be considered a new one and that plaintiff continue to receive "temporary partial disability compensation."

Defendant contends that this memorandum, filed by the Department of Labor on October 12, 1983 following the informal conference held on October 5, 1983, constituted rulings by the hearing examiner that collaterally estop plaintiff from relitigating the issues decided at the compensation hearing. Defendant also contends that plaintiff has failed to exhaust the administrative process: "in the case at bar, Sykes has ignored the administrative appellate process and seeks an 'end-run' decision in his favor in the Court, contrary to the requirements of the Act." (Defendant's Brief p. 6.)

Plaintiff, on the other hand, contends that no formal findings were made by the Department of Labor; that the informal conference held on October 5, 1983 was just that, an informal conference, not a formal hearing; and that the memorandum of informal conference was not an agreed upon settlement, award or decision but rather simply a recommendation. Only an Administrative Law Judge, plaintiff states, can conduct a formal hearing and enter awards and orders.

Title 20 of the Code of Federal Regulations, Chapter VI, governs administration of the Longshoremen's and Harbor Workers' Compensation Act. If the employer does not contest liability when a longshoreman files a claim under the Act, payments begin promptly without any administrative process other than the filing of papers.

---

**1.** In response to defendant's motion, plaintiff consistently contends that documents from the U.S. Department of Labor pertaining to worker's compensation may not be used in a third party action as evidence and that compensation matters are not admissible in this case. I do not believe that it is necessary for me to address this issue at this time because I deny defendant's motion for partial summary judgment on other grounds.

This appears to be what occurred in this case; there were no administrative proceedings prior to October 5, 1983 and plaintiff received payments from his employer, Amstar, from November 1981 until October 1983 when the payments were reduced to reflect temporary partial disability as opposed to temporary total.

When an employer contests a compensation claim or an employee contests actions taken by the employer in connection with his claim, informal procedures are employed by the Department of Labor to try to resolve the dispute before any formal proceedings are instituted. 20 C.F.R. § 702.261 states in pertinent part:

> Where the claimant contests an action by an employer or carrier reducing, suspending, or terminating benefits, including medical care, he should immediately notify the office of the deputy commissioner having jurisdiction, in person or in writing, and set forth the facts pertinent to his complaint.

In turn, the Deputy Commissioner sets in motion an informal process to resolve the conflict. Section 702.311 of Title 20 of the Code of Federal Regulation states in pertinent part:

> The deputy commissioner is empowered to resolve disputes with respect to claims in a manner designed to protect the rights of the parties and also to resolve such disputes at the earliest practicable date. This will generally be accomplished by informal discussions by telephone or by conferences ...

The deputy commissioner or his designee essentially acts as moderator during an informal conference: he "guide[s] the discussion toward the achievement of the purpose of such conference, recommending courses of action where there are disputed issues, and giving the parties the benefit of his experience and specialized knowledge in the field of workmen's compensation." 20 C.F.R. § 702.314.

The October 5, 1983 conference was an informal conference of the type provided for in these regulations. The emphasis was on achieving an expeditious, amicable settlement of the claims raised. At the October 5, 1983 informal conference, the issues were the extent of plaintiff's disability and whether his injury was old or new.

If an agreement is reached by the parties at an informal conference, the Deputy Commissioner simply drafts a memorandum reflecting the agreement reached. If the parties are unable to reach an agreement, the Deputy Commissioner will issue a memorandum reflecting his recommendation as to all outstanding issues. The October 12, 1984 memorandum seems to be of the latter type. (Defendant's exhibit "R"). The claims examiner, the Deputy Commissioner's designee, recommended that temporary partial disability compensation continue for the new injury. Amstar, plaintiff's employer, had consistently maintained that the injury plaintiff sustained in November, 1981 was a new injury and not a renewal of the October 1979 injury. The Claims Examiner apparently accepted this view. Plaintiff's attorney contested this position and on October 14, 1983 asked for another informal conference; a second conference was held on November 17, 1983.

In the memorandum issued after the second conference, the Deputy Commissioner noted that: "After a lengthy discussion the parties were unable to reach agreement. They requested and were granted an additional three weeks for discussion. The parties will advise this office of the results of their discussions and may request a recommendation if discussions break down." Plaintiff's claim was for temporary total disability for 10–19–79 to 11–80 and compensation for permanent total disability from 12–80 to date. No further proceed-

ings, agreements, or communications with the Department of Labor are documented.

After an informal conference and recommendation, a party may seek a formal hearing. Plaintiff claims that it has no obligation to do so or to "exhaust his administrative remedies" and moreover, he has not filed for a formal hearing pending the outcome of this case. Plaintiff further contends that the recommendation made after an informal conference is not equivalent to a formal finding. In *Costa v. Danais Shipping Co.*, 714 F.2d 1 (3d Cir.1983), the court held that a memorandum of informal conference is not an "award in a compensation order" as required by the Act to assign the plaintiff's cause of action against third parties to his employer. Under the Act, a longshoreman must file an action against a third party within six months after an award in a compensation order is filed or else he forfeits (or automatically assigns) his cause of action against the third party to his employer. Relying on *Pallas Shipping Agency Ltd. v. Duris*, 461 U.S. 529, 103 S.Ct. 1991, 76 L.Ed.2d 120 (1983) in which the court held that acceptance of compensation payments voluntarily made by the employer did not commence the running of the six month limitation period, the *Costa* court held that the memorandum of informal conference is not an order or award and is not administratively reviewable. Although a claim can proceed from the informal conference to a formal hearing, the purpose of the formal hearing is not to review the informal conference; the formal hearing merely affords a claimant the opportunity to present evidence on a claim and obtain a decision from an ALJ.

Although this case presents an issue other than the statute of limitations under the Act, the core question, whether the recommendation made from an informal conference is an award or order, is exactly the same. The *Pallas* court emphasized the importance of the formal order in the statutory scheme and the necessity for removing uncertainty in practice. These policy considerations exist as well in this case. The Act provides a procedure by which disputes between employees and employers are to be resolved. Initially, this procedure is to be flexible with the Department of Labor's role limited to mediation. The goal is expeditious resolution of conflicts. In this case, the final administrative step to date was the informal conference. Under the *Costas* analysis, the recommendation made on October 12, 1983 was not an order or award which would be binding on plaintiff and preclude him from relitigating the issue of new injury versus old injury. Moreover, the *Costa* court specifically held that a memorandum of informal conference is not administratively reviewable. Therefore, defendant's related collateral estoppel and administrative exhaustion arguments must both be rejected.

Defendant cites several cases in support of its contention that plaintiff is collaterally estopped from relitigating the issue of new injury versus old and therefore from presenting evidence of past or continuing disability after October 2, 1981. *See Atlantic & Gulf Stevedores, Inc. v. Director OWCP*, 542 F.2d 602 (3d Cir.1976); *James v. Jadranska Slobodna Plovidba*, 1982 AMC 2176 (N.D.Ill.1980), *aff'd.* (7th Cir. 1981) (unpublished order). In each of these cases, however, the court held that the plaintiff was collaterally estopped from relitigating an issue which an Administrative Law Judge had decided at plaintiff's compensation hearing. No hearing was held before an ALJ in this case and final finding or formal order or award was issued; only an informal recommendation was made.

Defendant contends that this informal recommendation had the legal effect of reducing plaintiff's compensation payments and reducing the degree of his disability, but defendant misinterprets the nature of the process. Plaintiff's employer, Amstar, had decided to reduce plaintiff's benefits

and to change his classification and so notified plaintiff through the Department of Labor and the forms plaintiff's counsel received on August 5, 1983; it was after this notification that an informal conference to discuss plaintiff's disputed status was held. As a result of the conference, the reductions were put into effect because the parties could not reach an alternative agreement; the examiner's recommendation had no binding effect. Again, defendant's arguments must fail.

An appropriate order follows.

## ORDER

NOW, January 14, 1985, upon consideration of defendant's motion for partial summary judgment, plaintiff's response thereto, the memoranda of law submitted by the parties and for the reasons stated in the accompanying memorandum, IT IS ORDERED that defendant's motion for partial summary judgment IS DENIED.