**Norman HAWKINS, Plaintiff,**

v.

**HARIZ TANKERS CORPORATION, a foreign corporation doing business in Florida and Zim Israel Navigation Co., Ltd., a foreign corporation doing business in Florida, Defendants.**

**No. 83–2918–Civ.–Hastings.**

United States District Court,
S.D. Florida,
Miami Division.

June 4, 1985.

Ralph P. Ezzo, Miami, Fla., for plaintiff.

Allan R. Kelley, Miami, Fla., for defendants.

**FINAL SUMMARY JUDGMENT**

HASTINGS, District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion for Summary

Judgment and Defendants' Motion for Leave to File Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment. Leave to file a reply memorandum is GRANTED.

Plaintiff brought this action pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 904, 905(b) (hereinafter "the Act") in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida. The cause was removed by the Defendants to the United States District Court for the Southern District of Florida.

On December 10, 1980, the Plaintiff NORMAN HAWKINS, a longshoreman employed by the stevedoring company S.E.L. Maduro, was injured while unloading containers from the M/V "ZIM HOUSTON", docked in Miami, Florida and owned by Defendant HARIZ TANKERS CORP. The vessel was operated by ZIM ISRAELI NAVEGATION CO., LTD.

Pursuant to § 5(b) of the Act, 33 U.S.C. § 905(b), Plaintiff filed a Workmen's Compensation claim against his employer S.E.L. Maduro, which was insured by the Midland Insurance Co. The Act provides for compensation by the employer in a fixed amount regardless of fault.

On August 31, 1982, prior to the time that any formal award was entered by a Deputy Commissioner of the Office of Worker's Compensation Programs of the United States Department of Labor or accepted by the claimant, Plaintiff filed a third party lawsuit against ZIM–AMERICAN ISRAELI SHIPPING CO., INC.

Pursuant to the provisions of § 8(i) of the Act, Plaintiff, his employer and its insurer reached an agreement settling the workman's compensation claim. In September, 1982, an application of Approval of Settlement was signed by Plaintiff, his attorney, and a representative of the employer and insurance carrier.

In October, 1982, during the trial of the initial lawsuit filed in state court on August 31, 1982, Plaintiff took a voluntary dismissal as he had sued the wrong party.

On December 5, 1982, a compensation order was entered by a Deputy Commissioner approving the agreed settlement and awarding Plaintiff $20,000. Immediately thereafter Plaintiff accepted the compensation pursuant to the award in the compensation order.

On October 30, 1983, more than six months after acceptance of the compensation, Plaintiff commenced the present action. On April 25, 1985, the Plaintiff filed with this Court a document entitled "Assignment of Cause of Action" purporting to reassign to Plaintiff the insurer's cause of action under the Act. The document is dated September 26, 1984.

For the following reasons the purported reassignment is ineffective and Plaintiff's cause of action is non-existent. This action is governed by § 33(b) of the Act, 33 U.S.C. § 933(b) which provides:

> Acceptance of such compensation under an award in a compensation order filed by the Deputy Commissioner ... shall operate as an assignment of all right of persons entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

Plaintiff, having accepted such award was required to bring suit within six months. Failure to institute an action within this period caused the action to be irrevocably assigned to the employer. *Pallas Shipping Agency, Ltd. v. Duris*, 461 U.S. 529, 103 S.Ct. 1991, 76 L.Ed.2d 120 (1983).

■ While Plaintiff had filed an action against the wrong party within the required six month period, Plaintiff's voluntary dismissal of the August 1982 lawsuit did not toll the statute of limitations contained in § 33(b) of the Act. *See 9 Wright & Miller, Federal Practice and Procedure* § 2367. Plaintiff's instant lawsuit was therefore not brought within the statute of limitations period.

Plaintiff relies on *Caldwell v. Ogden Sea Transport, Inc.* 618 F.2d 1037 (4th Cir.

1980) whereby the Fourth Circuit fashioned an additional remedy for the injured longshoreman. Under the *Caldwell* holding, where the employer's insurer executed a reassignment of its cause of action to the longshoreman, he could then proceed with a cause of action against the third party in his own name. Plaintiff HAWKINS obtained such a reassignment in an apparent attempt to satisfy the requirements of *Caldwell.*

The *Caldwell* decision was sharply criticized by the United States Supreme Court in *Rodriguez v. Compass Shipping Co.,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981). The Supreme Court found that the Act "precludes the fashioning of an entirely new set of remedies to deal with an aspect of a problem that Congress expressly addressed." 101 S.Ct. at 1945.

While *Rodriguez* did not expressly address formal reassignments of the right to sue, the Fourth Circuit, being duly admonished by the Supreme Court, reversed itself and rejected the *Caldwell* re-assignment remedy in *Simmons v. Sea-Land Services, Inc.,* 676 F.2d 106 (4th Cir.1982). *See also Bandy v. Bank Line, Ltd.* 518 F.Supp. 1229 (E.D.Va.1981). The Plaintiff seeks to have this Court follow Fourth Circuit precedent, which Circuit has now seen the error of its reasoning and has itself overruled such precedent. While the Court finds regrettable that Plaintiff's cause of action must fail because of the statute of limitation, the Court declines to follow the overruled caselaw cited above.

The language of § 33(b) is both mandatory and unequivocal. After six months of the final award, assignment of the action to the employer occurs. *Rodriguez,* supra, 101 S.Ct. at 1950. This Court therefore concludes that Plaintiff cannot circumvent the mandatory language of the Act by procuring a reassignment of the right to sue unto himself and he does not retain any right to proceed with this action.

There being no genuine issue of fact in dispute, and the Court finding that as a matter of law Defendants are entitled to judgment in their favor, it is hereby

ORDERED AND ADJUDGED that FINAL SUMMARY JUDGMENT is hereby entered in favor of the Defendants. Each party shall bear its own costs and attorney's fees.