FUIFATU SEFO PATAU, Plaintiff

v.

ROSENDAHL CORPORATION, PTE CORPORATION,
UNIVERSITY INDUSTRIES INC.,
RALSTON PURINA COMPANY, Defendants

High Court of American Samoa
Trial Division

CA No. 29-89

May 13, 1991

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, William H. Reardon and Donald F. Hildre
For Defendant Ralston Purina Company,
Robert A. Dennison III

On Motion for Summary Judgment:

*Facts*

On March 21, 1987, Fuifatu Sefo Patau ("plaintiff") suffered an amputated forearm as the result of an accident at work. At the time, he was employed by Samoa Packing Company ("S.P.C."), a tuna packer located in the territory. On June 29, 1987, plaintiff filed a workmen's compensation claim with the Workmen's Compensation Commission. He initially retained local counsel but later replaced him with a San Diego law firm,[1] who apparently negotiated and settled plaintiff's compensation claim directly with American International Underwriters (South Pacific) Inc. (A.I.U.), S.P.C.'s insurer at the time. At the direction of plaintiff's lawyers, A.I.U. prepared the settlement and release papers. On July 28, 1987, plaintiff executed the release, in return for which A.I.U. paid the sum of $25,016.49 --- as further directed, a check for $3,000.00 was sent to plaintiff's attorneys for legal fees, while the remainder of the settlement proceeds, $22,016.00, was paid directly to plaintiff.

On March 22, 1989, plaintiff filed this action, seeking to recover damages for his injuries. He named, among others, Ralston Purina Company, a corporation who then held all of S.P.C.'s stock. The

---

[1] The record is not clear as to how a member of this firm had gained standing to practice law in the territory at the time. Under the Rules of the High Court, only members of the American Samoa Bar Association may practice law in American Samoa. *See* H.C.R. 140; *see also In Re Complaint of Interocean Ships, Inc.*, 2 A.S.R.2d 106 (1986).

complaint alleges four causes of action: strict liability, strict tort liability, breach of warranty, and negligence.

One year before that, plaintiff had, on March 21, 1988, filed substantially the same action in the United States District Court, Southern District of California (Case No. 880412-E (BTM)). The District Court dismissed the complaint on November 22, 1988 for failure to properly allege diversity jurisdiction, however, plaintiff was also granted leave to amend. He did not attempt to do so until Ralston moved eight months later to dismiss for failure to prosecute. On August 1, 1989, the District Court dismissed the action with prejudice because of unreasonable delay.

Armed with this dismissal order, Ralston next filed a motion with the High Court to dismiss this action on *res judicata* grounds, arguing that the federal district court's order of dismissal with prejudice was a dismissal on the merits. We granted the motion.

The dispute was then taken back to California where, at plaintiff's insistence, the District Court subsequently clarified that its order of dismissal was not intended as a dismissal on the merits. Thereafter, this Court vacated its own order of dismissal.

Ralston now moves for summary judgment asserting the following affirmative defenses: 1) that the global release negotiated and executed by plaintiff in settlement of his compensation claim barred this action; 2) that plaintiff is barred from bringing a third-party action because of the provisions of A.S.C.A. § 32.0669 of the Workmen's Compensation Act, A.S.C.A. §§ 32.0501 et seq. (hereafter the "Act"); and 3) that the action is barred by the statute of limitations, A.S.C.A. § 43.0120.

*Discussion*

*The Release*

In *Etimani v. Samoa Packing Company*, 19 A.S.R.2d 1 (1991), we recently rejected a similar argument for summary judgment, premised on a like-worded release instrument which was also given in exchange for the payment of a workmen's compensation claim. Ralston's contract argument here is not unlike the argument rejected in *Etimani*. First, the usual policy arguments given in favor of compromise and settlement are not relevant in a workmen's compensation setting because the Act

disallows compromise contracts between the employer and employee.[2] Hence the employer's liability for workmen's compensation benefits, fixed and guaranteed under the Act, may not be altered by way of contract. Indeed, the allusion to compromise and settlement in the subject release seems rather misleading, if not altogether meaningless, in that, given the facts, there was really no dispute as to the extent of S.P.C.'s liability under the Act.[3] The question naturally follows, what was the consideration given for an effective release?

Moreover, only those agreed settlements between the parties that have been approved by the Workmen's Compensation Commission have the effect of discharging an employer's liability for compensation. *See* A.S.C.A. § 32.0668. Since the record at this time is unclear on whether the subject release was approved by the commission, and bearing in mind that no release is valid except as otherwise provided for by the Act, A.S.C.A. § 32.0672, we find a triable issue of fact. Summary adjudication is not available under these circumstances. T.C.R.C.P. 56.

### *Third-Party Recovery Barred*

Elsewhere the Act provides:

> [A]cceptance of compensation under an award in a compensation order operates as an assignment to the employer of all rights of the person entitled to compensation to recover damage against such third person unless such individual commences an action

---

[2] A.S.C.A. § 32.0554(b) provides that "no agreement by any employee to waive his rights to compensation . . . is valid," while A.S.C.A. § 32.0672 states that "[n]o . . . release of liability for compensation . . . payable [under the Act] is valid, except as otherwise provided for by [the Act]."

[3] Plaintiff's San Diego attorney settled the compensation claim for exactly the same dollar figure which plaintiff's local attorney had calculated and offered to A.I.U. at the outset. Plaintiff here had lost his forearm; as a matter of law he was entitled to 244 weeks of compensation. *See* A.S.C.A. § 32.0609 (3), (15). In addition, the Act also provides for up to 200 weeks of compensation in cases of serious bodily disfigurement. *See* A.S.C.A. § 32.0609(20).

against such third person within six months after such award.

A.S.C.A. § 32.0669. Ralston argues, in effect, that plaintiff's settlement with A.I.U. constituted an "acceptance of compensation under an award in a compensation order" and that any cause of action which plaintiff may have had against Ralston has been, therefore, assigned to S.P.C. for failure to file an action within six months after accepting compensation.

The Supreme Court, in *Rodriguez v. Compass Shipping Co.*, 451 U.S. 596 (1981), construed virtually identical language contained in the Longshoremen's and Harbor Workers' Compensation Act ("L.H.W.C.A."), 33 U.S.C. § 933.[4] The Court read this enactment as requiring an employee to file suit within six months or not at all, and that his failure to so file gave rise to an irrevocable assignment of his cause of action to his employer. The Court also explained in *Pallas Shipping Agency, Ltd. v. Duris*, 461 U.S. 529, 533 (1983), that the enactment (§ 933(b))

> triggers an assignment of an injured longshoremen's cause of action against a third party only after he has accepted compensation "under an award *in a compensation order* filed by the deputy commissioner or Board." (Emphasis in original.) The term "compensation order" . . . refers specifically to an *administrative award* to compensation following proceedings with respect to the claim.

(Emphasis added.) In *Etimani v. Samoa Packing, supra*, we held this construction to be persuasive.

As noted above, we are not able to say on the extent of the record before us whether the compensation settlement with A.I.U. was ever formally approved by the commission. As a voluntary payment of compensation does not constitute an "award in a compensation order," *Pallas, supra*, we are again presented with another triable issue of fact. Motion for summary judgment is thus denied on this ground.

*Statute of Limitations*

---

[4] The Act seems to have been drawn largely from the L.H.W.C.A. *In re Westerlund*, 4 A.S.R. 998, 1002 (1975).

Plaintiff asserts that his complaint was timely filed since the statutory period begins the day after the event. T.C.R.C.P. 6. We disagree with plaintiff's conclusion and hold that his complaint was one day late, since the limitation period expired at midnight March 21, 1989. *See Jenkins v. Yoder*, 324 N.E.2d 520 (Ind. 1975); 51 Am. Jur. 2d *Limitation of Actions* §§ 58-60 (1970).

A.S.C.A. § 43.0120 unambiguously provides in pertinent part: Actions may be brought within the following times after their causes accrue, *and not afterward*, except where otherwise *especially declared*: . . . (2) actions founded on injuries to the person . . ., whether based on contract or tort, . . . within 2 years. (Emphasis added). While there are very specific statutory exceptions given that would toll the statute, *see* A.S.C.A §§ 43.0124-43.0127, the facts here do not come within any of those exceptions. We, therefore, conclude that plaintiff's action is barred by the statute of limitations.

Motion for summary judgment is granted.

It is so ordered.