**Ramon COSTA, Appellee,**

v.

**DANAIS SHIPPING COMPANY and Kratigos Shipping Company, Appellants.**

No. 82–5489.

United States Court of Appeals, Third Circuit.

Argued Feb. 28, 1983.

Decided Aug. 10, 1983.

George J. Koelzer (argued), Clarkson S. Fisher, Jr., Evans, Koelzer, Marriott, Os-borne & Kreizman, Red Bank, N.J., for appellants.

Mark Bendet (argued), Paterson, N.J., James J. Gallo, Jersey City, N.J., for appellee.

Before ADAMS, WEIS and BECKER, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

Plaintiff is a longshoreman who received compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act. The issue here is whether a Memorandum of Informal Conference constitutes the "award in a compensation order" required by the Act to assign the plaintiff's cause of action against third parties to his employer. The district court held it did not. We agree and affirm.

The plaintiff's suit for work-related personal injuries was removed to the district court from the Superior Court of New Jersey. Defendant shipping companies contended that the cause of action had been assigned to the plaintiff's employer because the limitations period provided by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 933(b) (1976 & Supp. V 1981), had expired before the suit was instituted. The district court disagreed and denied the defendants' motion to dismiss. It certified the question as a controlling issue of law under 28 U.S.C. § 1292(b), and we granted permission to appeal.

Plaintiff was injured on August 17, 1979 while performing stevedore work for his employer, The International Terminal Operators, aboard the M/V Danaos in Newark, New Jersey. He applied for compensation from his employer and received temporary total disability benefits until January 7, 1980. The total amount of temporary payments had been set at an informal conference in December 1979, and a Memorandum of Informal Conference as filed by a Department of Labor claims examiner. *See* 20 C.F.R. §§ 702.311–702.316 (1982).

Plaintiff later sought permanent partial disability benefits and a second informal conference was held in October 1980. On November 6, 1980, a claims examiner filed a Memorandum of Informal Conference reciting that an orthopedic surgeon had found no permanent partial disability and that the case was to be referred to the "inactive file". Plaintiff then requested a formal hearing before an ALJ. *See id.* § 702.316 (1982).

On May 8, 1981, before the hearing had been scheduled, plaintiff filed a complaint in the New Jersey Superior Court alleging that his injuries had been caused by the negligence of ·defendants, who owned and operated the M/V Danaos. After the case was removed to federal district court, defendants sought to dismiss the action because it had been filed more than six months after the November 6, 1980 memorandum referring the claim to the inactive file. Defendants contended that, pursuant to section 33(b) of the LWHCA, 33 U.S.C. § 933(b), the plaintiff's right to recover damages against a third party had been automatically assigned to the plaintiff's employer at the expiration of the six-month period.

In reviewing the statute, the district court recognized that a longshoreman's acceptance of compensation from his employer "under an award in a compensation order" operates as an assignment of his right to sue third parties unless the action is brought within six months. The court reasoned, however, that the Memorandum of Informal Conference was not "an award in a compensation order", and therefore the limitations period had not commenced with the filing of that memorandum on November 6, 1980.

On appeal, defendants argue that the statute was intended to provide for an auto-matic assignment and not unduly delay the employer's access to relief against a negligent third party.[1] Defendants rely on decisions of the Courts of Appeals for the Second and Fourth Circuits holding that agreements approved in a Memorandum of Informal Conference by a claims examiner constitute awards that trigger the limitations period.

Section 33(b) of the Act provides that acceptance of compensation from an employer "under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person" unless the third-party action is commenced within six months "after such award." 33 U.S.C. § 933(b). An injured longshoreman may receive compensation from his employer and at the same time pursue his right to seek damages from a third party. *Id.* § 933(a). If, however, compensation payable by virtue of a compensation order is accepted, then the longshoreman must commence his third-party suit within six months or the cause of action is automatically assigned to the employer.

In *Rodriquez v. Compass Shipping Co.,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), the Supreme Court held that assignment of the third-party action bars suit by the employee even though the employer has not pursued the claim. The Court declined to consider, however, whether acceptance of compensation after an informal conference constitutes an award under the statute so as to trigger the assignment. *Id.* at 598 n. 3, 101 S.Ct. at 1948 n. 3.

Court of appeals decisions as to what constitutes "an award in a compensation order" are not uniform. In *Simmons v. Sea-Land Services, Inc.,* 676 F.2d 106 (4th

---

1. Although there are two Memoranda of Informal Conference in this case, we treat the defendants' argument as being that the six-month period was triggered by the second one, filed on November 6, 1980. That memorandum, in effect, memorialized the employer's decision to pay temporary but not permanent benefits. Before that time plaintiff did not know his employer's final position on compensation. *See Pallas Shipping Agency Ltd. v. Duris,* —— U.S. ——, ——, 103 S.Ct. 1991, 1996, 76 L.Ed.2d 120 (1983) (one of the purposes of section 33(b) is "allowing [a longshoreman] to delay his decision until the amount of compensation ... is clearly established").

Cir.1982), *vacated and remanded,* —— U.S. ——, 103 S.Ct. 3079, 77 L.Ed.2d 1344 (1983), the Fourth Circuit held that a longshoreman's acceptance of any benefits, coupled with the employer's filing of the forms required by regulation, triggers the six-month period even though no formal award was ever made. *See also Liberty Mutual Insurance Co. v. Emeta & Co.,* 564 F.2d 1097 (4th Cir.1977). The Second Circuit, however, concluded in *Verderame v. Torm Lines,* 670 F.2d 5 (2d Cir.1982), that the six-month period did not commence until the total amount of compensation was fixed. Yet, as defendants point out, the Second Circuit has also held that a compensation agreement approved in a Memorandum of Informal Conference constitutes an "award in a compensation order" under section 33(b). *Ambrosino v. Transoceanic Steamship Co.,* 675 F.2d 470 (2d Cir.1982); *see also D'Amico v. Cia De Nav. Mar. Netumar,* 677 F.2d 249 (2d Cir.1982).

The Supreme Court addressed this area in *Pallas Shipping Agency Ltd. v. Duris,* —— U.S. ——, 103 S.Ct. 1991, 76 L.Ed.2d 120 (1983). In that case, the employer voluntarily made compensation payments and filed a "Payment of Compensation Without Award" form with the Department of Labor. Payments ended two years later when the employer filed a "Compensation Payment Stopped or Suspended" form. The Court concluded that the acceptance of payments under these circumstances did not constitute an award that would commence the running of the six-month limitation period.

The facts in *Pallas Shipping* are somewhat distinguishable, but we are convinced it controls the disposition of the case at hand. Although no informal conferences were held or memoranda filed by a claims examiner in *Pallas Shipping,* the Court did not rest its reasoning on the absence of those events alone.

The Court noted that the statute's requirement of a formal award was designed to protect longshoremen from the unexpected loss of their rights against third parties and to allow them time for a carefully considered choice. The Court emphasized the characteristics of statutory compensation orders: they are issued by a deputy commissioner; they are administratively reviewable; and they are judicially enforceable. —— U.S. at ——, 103 S.Ct. at 1995. In addition, there are more severe sanctions for the failure to make payments under a compensation order than under an informal agreement. *Id.; see* 33 U.S.C. §§ 914(e), (f). Service of the compensation order puts a longshoreman on notice that acceptance of benefits will begin the six-month period.

The Court observed that its interpretation of the statute does not prejudice employers because they may still obtain a compensation order upon request if voluntary payments are made and no disagreement with the longshoreman exists. *See* 20 C.F.R. § 702.315(a) (1982). Moreover, the employer can seek indemnification from the third party even without an assignment from the longshoreman. *See Federal Marine Terminals v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 385 (1969).

Defendants here contend that a Memorandum of Informal Conference is "administratively reviewable" and therefore bears one of the characteristics attributed to a "compensation order" in *Pallas Shipping.* For this reason, they argue, *Pallas Shipping* mandates reversal of the district court in this case. We do not find this argument convincing.

The basis of the defendants' contention is that following an informal conference at which agreement cannot be reached, the claim will proceed to a formal hearing. *See* 20 C.F.R. § 702.316 (1982). The purpose of the formal hearing, however, is not to review the Memorandum of Informal Conference. The Department of Labor regulations provide that when the deputy commissioner is transferring a case for a formal hearing, "the materials transmitted shall not include any ... memorandum prepared" in connection with the informal conference. *Id.* § 702.317(c); *see also id.* § 702.-318 ("When transferring the case for hearing ... the deputy commissioner shall not

transfer the administrative file under any circumstances."). The formal hearing merely affords a claimant the opportunity to present evidence on a claim and obtain a decision from an ALJ. It is not designed to review the informal conference.

Moreover, the Supreme Court stated in *Pallas Shipping* that " 'a compensation order' ... is reviewable by the Benefits Review Board," —— U.S. at ——, 103 S.Ct. at 1993–94, and that step does not occur until after the formal hearing. *See* 33 U.S.C. § 921(c); 20 C.F.R. § 702.392. For these reasons, we reject the defendants' contention that a Memorandum of Informal Conference is "administratively reviewable" in the sense contemplated by the Court.

As we read *Pallas Shipping,* the Supreme Court has adopted a strict reading of the term "compensation order." [2] The Court emphasized the importance of the formal order in the statutory scheme and the necessity for removing uncertainty in practice. The statutory provisions will be far more effective if neither longshoremen nor employers are in doubt as to the action that begins the six-month period. The Court has taken the position that anything less than a formal order signed by the deputy commissioner does not satisfy the requirements of the statute. Because the memorandum filed in this case is something less than such an order, we conclude that it does not constitute a "compensation order" under section 33(b).

Accordingly, the district court was correct in denying the defendants' motion to dismiss, and the order will be affirmed.

**2.** Defendants argue that because only a small percentage of compensation claims ever result in a final order, a strict reading of the statutory language will, in a practical sense, nullify the assignment provision. We are not persuaded that this is so but, in any event, revision of the assignment provision is a matter for Congress, not this court.