**Peter BRUNETTI, Plaintiff,**

v.

**CAPE CANAVERAL SHIPPING CO., S.A., Defendant.**

**No. 76 Civ. 4493.**

United States District Court, S.D. New York.

Oct. 19, 1983.

Zimmerman & Zimmerman, New York City, for plaintiff; Howard Fishkin, New York City, of counsel.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City, for defendant; Robert J. Giuffra, New York City, of counsel.

LASKER, District Judge.

Peter Brunetti, a longshoreman, filed suit on October 12, 1976, seeking damages for personal injuries sustained on February 2, 1974 while he was working aboard a ship owned by defendant Cape Canaveral Shipping Company, S.A. ("Canaveral"). Canaveral moves for summary judgment dismissing the complaint on the ground that suit is barred under the assignment provision of the Longshoremen's and Harbor Workers' Compensation Act (the "Act"), 44 Stat. 1424, as amended, 33 U.S.C. § 901 et seq. Section 33(b) of the Act provides:

"Acceptance of [workers'] compensation under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against [any] third person unless such person shall commence an

action against such third person within six months after such award."

33 U.S.C. § 933(b).

Brunetti applied for and began receiving compensation from his employer, Pittston Stevedores Company ("Pittston"), immediately following his injury. At an informal conference before a United States Department of Labor claims examiner, at which Brunetti and Pittston appeared through counsel, a settlement was reached fixing compensation for a period of temporary total disability and for permanent partial disability. The claims examiner filed a "Memorandum of Informal Conference" reflecting the agreement on October 31, 1975.[1] Pittston made its last compensation payment to Brunetti on November 14, 1975, as reflected in Form BEC–208(F), "Compensation Payment Stopped or Suspended," filed by Pittston with the Department of Labor.[2]

Canaveral argues that Brunetti's acceptance of compensation pursuant to the Memorandum of Informal Conference operated as an assignment of his rights against third persons because suit was not filed until nearly a year after the Memorandum of Informal Conference was filed and the last payment made. Brunetti contends that the Memorandum of Informal Conference was not an award of compensation within the meaning of Section 33(b), and therefore did not trigger the six-month period after which an assignment of rights to the employer takes place.

In *Rodriguez v. Compass Shipping Co., Ltd.,* 617 F.2d 955 (2d Cir.1980), *aff'd on other grounds,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981) the Court of Appeals of this Circuit held that a longshoreman's acceptance of payment under an agreement reached at an informal conference before a claims examiner does trigger the provisions of Section 33(b) of the Act, and that a suit brought against the shipowner more than six months after acceptance of such a payment could not be sustained because the longshoreman's rights had been irrevocably assigned to the employer.[3] In rejecting the argument that only the filing of a formal compensation order, which in *Rodriguez* had not been done, could activate the six-month period provided under the Act, the Court stated:

> "The purpose of the provision for filing of an order was to insure that the claimant-employee knew that he was foregoing his right to sue by acceptance of the compensation agreement. H.Rep. No. 1945, 75th Cong., 3rd Sess. at 9 (1938). Where, as here, the employee, upon signing the compensation agreement with the assistance and co-signature of his counsel, is fully aware of his rights, including his right to sue within six months, the failure of an administrator to comply with the formality imposed by departmental regulations (20 C.F.R. § 702.315, supra) of filing the formal order can have no significance as far as the substantive rights of the parties are concerned."

617 F.2d at 959. The Court of Appeals reaffirmed *Rodriguez* in *Ambrosino v. Transoceanic Steamship Co., Ltd.,* 675 F.2d 470 (2d Cir.1982), which held that 1977 amendments to the Code of Federal Regulations, 20 C.F.R. §§ 702.312 and .315, did not affect the Court's holding in *Rodriguez* that an agreement reached at an informal conference constitutes an "award in a compensation order" for the purposes of Section 33(b) of the Act.

*Rodriguez* and *Ambrosino* must be reexamined, however, in light of the Supreme Court's recent decision in *Pallas Shipping Agency Ltd. v. Duris,* —— U.S. ——, 103 S.Ct. 1991, 76 L.Ed.2d 120 (1983). In *Pallas,* the injured longshoreman accepted volun-

---

1. Exhibit 2 to Affidavit of Robert Giuffra, counsel to Canaveral.

2. Exhibit 1 to Giuffra Affidavit.

3. The Court of Appeals went on to hold that the failure of the employer to file suit against the shipowner did not nullify the assignment of the longshoreman's rights. The Supreme Court affirmed this holding, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472, but reserved the question whether acceptance of payment under an agreement reached at an informal conference triggers the six-month period provided in Section 33(b) of the Act. 451 U.S. at 598–99 n. 3, 101 S.Ct. at 1948 n. 3.

tary compensation payments from his employer, and subsequently filed a complaint against the shipowner more than six months after the last payment was made. Neither a formal compensation order nor a memorandum of informal conference was filed by the deputy commissioner or claims examiner, but the employer did file two documents with the Department of Labor evidencing his voluntary agreement to pay compensation to the longshoreman. The first of these was a Form LS–206, entitled "Payment of Compensation Without Award," which recited the employer's agreement to make bi-weekly payments to the longshoreman; the second, filed two years later, was a Form LS–208, entitled "Compensation Payment Stopped or Suspended," which gave notice that the employer was discontinuing the payments. The Court, stating that "[n]othing in the Act suggests that the filing of these forms is equivalent to an 'award in a compensation order,'" held that a longshoreman's acceptance of voluntary compensation benefits did not give rise to an assignment under Section 33(b). —— U.S. at ——, 103 S.Ct. at 1992.

The facts of the instant case are distinguishable from those of *Pallas,* because here an informal conference was held and a Memorandum of Informal Conference was filed by the claims examiner, while in *Pallas* no administrative proceeding had taken place. Nevertheless, as the Third Circuit has recently held in *Costa v. Danais Shipping Co.,* 714 F.2d 1 (3rd Cir.1983), the language and reasoning of *Pallas* indicate that the Supreme Court is unlikely to consider a Memorandum of Informal Conference, unaccompanied by the issuance of a formal compensation order, adequate to trigger the assignment provisions of Section 33(b). In *Pallas,* the Court stated that "the Act continues to equate a 'compensation order' [within the meaning of Section 33(b)] with the formal document filed by the deputy commissioner at the conclusion of administrative proceedings, as it has since the LHWCA was enacted." —— U.S. at ——–——, 103 S.Ct. at 1996. The formal document referred to is distinct from the Memorandum of Informal Conference filed by a claims examiner following an informal conference.[4]

Moreover, the characteristics which, as the Court emphasized, distinguish a formal compensation order from Forms LS–206 and LS–208, also distinguish a formal compensation order from a Memorandum of Informal Conference. Like Forms LS–206 and LS–208, and unlike formal compensation awards, Memoranda of Informal Conference

"are not issued by the deputy commissioner; they are neither administratively reviewable nor judicially enforceable; and the failure to make timely payments pursuant to the agreement . . . results in a less substantial penalty than a failure to comply with the terms of a compensation order."

—— U.S. at ——, 103 S.Ct. at 1994.

In *Costa v. Danais Shipping, supra,* the Third Circuit decided the precise issue presented here, and held that *Pallas'* rationale compelled rejection of the shipowner's argument that a Memorandum of Informal Conference is sufficient to give rise to Section 33(b)'s assignment provisions. In *Costa* only one of the characteristics of formal compensation orders was argued to be applicable to a Memorandum of Informal Conference: the characteristic of administrative reviewability. The shipowner argued that, since a formal hearing is held if an agreement is not reached at an informal conference, the Memorandum of Informal Conference was, as a matter of fact, administratively reviewable. *See* 20 C.F.R. § 702.316 (1983). The Third Circuit persuasively rebutted this argument by pointing out that the administrative file relating

---

4. *See* 20 C.F.R. § 702.315(a):
"Following an informal conference at which agreement is reached on all issues, the deputy commissioner shall (within 10 days after conclusion of the conference) embody the agreement in a memorandum *or* within 30 days issue a formal compensation order, to be filed and mailed in accordance with § 702.349." (Emphasis added).

to any informal conference is not *permitted* to be presented to the Administrative Law Judge when a formal hearing is sought. *See* 20 C.F.R. § 702.318. Thus, rather than providing a review of any informal procedures followed by the parties, "[t]he formal hearing merely affords a claimant the opportunity to present evidence on a claim and obtain a decision from an ALJ." *Costa, supra,* 714 F.2d at 4.

It is true that, when a longshoreman accepts compensation under a Memorandum of Informal Conference, he is apprised of the full amount of compensation that he can expect from his employer, thus facilitating a decision as to whether damages from third parties should also be sought. The Second Circuit has stressed this factor in determining whether the assignment provisions have been triggered by administrative action, *see Rodriguez, supra; Verderame v. Torm Lines,* 670 F.2d 5 (2d Cir.1982), and the Supreme Court in *Pallas* also referred to the goal of "protect[ing] the longshoreman from the unexpected loss of his rights against a negligent third party and . . . permit[ing] him to make a considered choice among available remedies." —— U.S. at ——, 103 S.Ct. at 1995. It is certainly true that where full payment has been made under an agreement reflected in a Memorandum of Informal Conference, the goal of providing adequate notice and certainty to the longshoreman has been substantially met. Nonetheless, it is also true, as the Court noted in *Pallas,* that it is a simple matter for an employer to obtain a formal compensation order once a voluntary agreement has been implemented; the employer can obtain such an order upon request, *see* 20 C.F.R. § 702.315(a), and by doing so all doubt is removed as to the finality of the voluntary agreement. In sum, we find persuasive the Third Circuit's conclusion that

> "As we read *Pallas Shipping,* the Supreme Court has adopted a strict reading of the term 'compensation order.' The Court emphasized the importance of the formal order in the statutory scheme and the necessity for removing uncertainty in practice. The statutory provisions will be far more effective if neither longshoremen nor employers are in doubt as to the action that begins the six-month period. The Court has taken the position that anything less than a formal order signed by the deputy commissioner does not satisfy the requirements of the statute."

714 F.2d at 4 (footnote omitted).

For the foregoing reasons, the motion for summary judgment is denied.

It is so ordered.