**Thomas SPEERIN, Plaintiff,**

v.

**PRUDENTIAL LINES, INC., Defendant.**

**No. 80 Civ. 4231 (JES).**

United States District Court, S.D. New York.

Jan. 15, 1985.

Zimmerman & Zimmerman, New York City, for plaintiff; Howard Fishkin, New York City, of counsel.

Radu Herescu, New York City, for defendant.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Thomas Speerin, an employee of Ardell Engineering Marine Repair Corp. ("Ardell"), commenced this action against defendant Prudential Lines, Inc. ("Prudential") to recover damages for injuries which he allegedly sustained while working as a pipe fitter aboard Prudential's vessel, the S.S. Santa Barbara. Defendant moved to dismiss for failure to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6). Since matters outside the pleadings have been presented to and have not been excluded by the Court, the motion shall be treated as one for summary judgment pursuant to Rule 56. Fed.R.Civ.P. 12(b)(6).

The essential facts of this case are undisputed. On May 5, 1978, plaintiff was injured while performing repair work aboard defendant's ship. On July 20, 1978, by means of service of a bare summons, plaintiff commenced a personal injury action against defendant in New York State Supreme Court, New York County.[1]

On December 20, 1979, a settlement agreement adjusting plaintiff's compensation claim was executed by plaintiff, plaintiff's counsel, and Ardell's insurer. The stipulation of settlement was executed and delivered to the U.S. Department of Labor, Office of Workers' Compensation Programs ("OWCP") on the same day. Pursuant to 20 C.F.R. § 702.315(a), the OWCP was required to acknowledge and memorialize the settlement within ten days and to issue a final Order within thirty days. In fact, it was not until March 26, 1980 that OWCP notified the parties that it had no objection to the settlement. It was also on March 26, 1980 that OWCP's Deputy Commissioner for the Second Compensation District issued a formal Compensation Order, but only for an award of attorney's fees. See Ex. 2 to Plaintiff's Affirmation in Opposition.

Plaintiff commenced the instant federal action on July 24, 1980. Subsequently, on June 16, 1981, plaintiff discontinued his state court action against the defendant.[2]

The defendant first filed its motion to dismiss on January 29, 1982, but at the request of the parties a decision on the motion was deferred, and the case was placed on the suspense calendar pending

---

1. The summons served upon defendant in the state court action is captioned "Summons with Notice." See CPLR § 306. While plaintiff's counsel did not describe the object of the action and the relief sought on the face of the summons, see Ex. 3 to Plaintiff's Affirmation in Opposition, the "date of accident" and "place of occurrence" were noted on the affidavit of service accompanying the summons. See Ex. B to Defendant's initial Notice of Motion to Dismiss. This summons, which was dated July 17, 1978, and served without an accompanying complaint on July 20, 1978, was apparently never followed by the service and filing of a complaint in the state court.

2. Plaintiff's attorneys filed a "Stipulation Discontinuing Action." It is unclear whether this discontinuance was undertaken in reliance upon defendant's request that the state court action be discontinued so as to avoid duplicative litigation, or whether plaintiff's discontinuance was undertaken of his own independent volition. At any rate, the stipulation appears to have been signed by plaintiff's attorneys only. See Ex. 6 to Plaintiff's Affirmation in Opposition.

the decision of the Supreme Court in *Pallas Shipping Agency, Ltd. v. Duris*, 461 U.S. 529, 103 S.Ct. 1991, 76 L.Ed.2d 120 (1983). Following the decision in that case on May 23, 1983, the matter was restored to the Court's active trial calendar, the defendant renewed its motion to dismiss, and further submissions were made by the parties.

■ The principal issue raised by defendant's motion is whether plaintiff's claim is barred by Section 33(b) of the Longshoremen's and Harbor Workers Compensation Act, ("LHWCA") 33 U.S.C. § 933(b). That provision provides that:

Acceptance of such [statutorily fixed] compensation under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third persons unless such person shall commence an action against such third person within six months after such award.

The defendant contends that the six-month period set forth in Section 33(b) commenced to run on or about December 20, 1979, when the settlement agreement was reached. Plaintiff, on the other hand, asserts that his action is not barred because the settlement agreement executed on December 20, 1979 was a voluntary, private agreement and not a formal "award in a compensation order" within the meaning of § 33(b).[3]

In *Rodriguez v. Compass Shipping Co.*, 617 F.2d 955 (2d Cir.1980), *aff'd* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981),

the Second Circuit held that "An agreement settling an injured employee's claim to workmen's compensation, signed after an informal conference with a claims examiner, by whom it was approved, constitutes an 'award' within the meaning of § 33(b)." *Rodriguez, supra*, 617 F.2d at 959. The Second Circuit therefore rejected the contention that no assignment of the injured employee's claim had been effected under § 33(b) because neither the deputy commissioner nor the claims examiner had ever filed a formal compensation order.

However, in *Pallas Shipping, supra*, the Supreme Court unanimously held that, in the absence of a formal compensation order or an award entered by the Secretary of Labor, an employee's acceptance of compensation payments cannot lead to an assignment of his right of action against third parties. *Id.* 461 U.S. at 534, 103 S.Ct. at 1994. The Court stated:

Section 33(b) triggers an assignment of an injured longshoreman's cause of action against a third party only after he has accepted compensation "under an award *in a compensation order* filed by the deputy commissioner or Board." (Emphasis added.) The term "compensation order" in the LHWCA refers specifically to an administrative award of compensation following proceedings with respect to the claim. 33 U.S.C. § 919(e) In this case, no administrative proceedings ever took place, and no award was ever ordered by the Deputy Commissioner.

*Pallas Shipping, supra*, 461 U.S. at 534, 103 S.Ct. at 1994. (footnote omitted).[4]

In light of the Court's findings with respect to plaintiff's other contentions, it is unnecessary to rule upon the plaintiff's contention that his state court action, which was commenced years prior to the settlement date, and which plaintiff asserts would not have been discontinued if defendant had included a § 33(b) claim in its affirmative pleadings, should act to preclude the running of the § 33(b) limitations period.

**3.** It should be noted that the compensation order issued in this case was for attorney's fees only. Along with notification of OWCP's acceptance of the settlement agreement of December 20, 1979, that order was issued on March 26, 1980—well within the six-month limitation period of § 33(b). Thus, the Court need not reach the issue of whether this compensation order, which pertains to attorney's fees only, properly constitutes "an award in a compensation order" within the rationale of *Pallas Shipping, supra*, 461 U.S. at 534, 103 S.Ct. at 1994.

**4.** In *Pallas Shipping*, although the injured longshoreman accepted voluntary compensation payments from his employer, neither a formal compensation order nor a memorandum of in-

In so holding, the Supreme Court stressed that this strict construction of Section 33(b) was supported by its legislative history. As Judge Haight stated in *Marchi v. Malaysia Marine Corp.*, No. 78 Civ. 711 (CSH) (S.D.N.Y. April 2, 1984), in summarizing the *Pallas Shipping* analysis:

> In adopting this literal approach to the phrase, the Court emphasized that the requirement of a formal award was intended to assure that the worker did not unintentionally forfeit his rights against third parties by accepting compensation payments while ignorant of the effects of § 933(b). [*Pallas Shipping, supra,* 461 U.S. at 536, 103 S.Ct. at 1995.] Service of the formal order, required by 33 U.S.C. § 919(e), puts the longshoreman on notice of the necessity of moving against the third party within six months. *Id.* at [538, 103 S.Ct. at 1996]. In distinguishing voluntary payments from those rendered under a formal order, the Court noted that formal orders have certain characteristics that voluntary payments do not: the orders are signed by the deputy commissioner and are administratively reviewable and judicially enforceable. Failure to comply with them subjects the employer to more severe penalties than failure to comply with an agreement. *Id.* at [534, 103 S.Ct. at 1994].

*Marchi, supra,* slip op. at 3–4.

Similarly, other post-*Pallas Shipping* decisions have held that *only* the issuance of a formal compensation order will trigger the § 33(b) limitations period. Thus, in *Costa v. Danais,* 714 F.2d 1 (3d Cir.1983), the Third Circuit unequivocally stated:

> As we read *Pallas Shipping* the Supreme Court has adopted a strict reading of the term "compensation order." The Court emphasized the importance of the formal order in the statutory scheme and the necessity for removing the uncertainty in practice. The statutory provisions will be far more effective if neither long-shoremen nor employers are in doubt as to the action that begins the six-month period. The Court has taken the position that anything less than a formal order signed by the deputy commissioner does not satisfy the requirements of the statute. Because the memorandum filed in this case is something less than such an order, we conclude that it does not constitute a "compensation order" under section 33(b).

*Costa, supra,* 714 F.2d at 4 (footnote omitted).

That view was followed by Judge Lasker in *Brunetti v. Cape Canaveral Shipping Co.,* 572 F.Supp. 854 (S.D.N.Y. 1983), in denying defendant's motion for summary judgment pursuant to section 33(b) of the LHWCA. The *Brunetti* court specifically concluded that a Memorandum of Informal Conference was not an award of compensation within the meaning of section 33(b). *Id.* at 855–57. *See also, Gaymon v. Prudential Lines,* No. 80 Civ. 5057 (CSH) (S.D.N.Y. April 2, 1984) (Haight, J.); *Rainieri [Ranieri] v. Prudential Lines,* No. 80 Civ. 2252 (CSH) (S.D.N.Y. April 2, 1984) (Haight, J.); *Alvarez v. National Shipping Corp.,* No. 80 Civ. 0491 (CSH) (S.D.N.Y. April 2, 1984) (Haight, J.); *Marchi v. Malaysia Marine Corp., supra,* No. 78 Civ. 711 (CSH) (S.D.N.Y. April 2, 1984) (Haight, J.); *DiGiacomo v. Partenreederi M.S. Heidi Leonhardt,* 78 Civ. 5491 (LBS) (S.D.N.Y. Feb. 29, 1984) (Sand, J.); *Pivac v. Netumar Lines,* No. 82 Civ. 8101 (PNL) (S.D.N.Y. March 13, 1983) (Leval, J.); *Castro v. Compania Transatlantica Espanola,* No. 78 Civ. 4953 (MJL) (S.D.N.Y. August 31, 1983) (Lowe, J.).

■ In view of these holdings, it is clear that defendant's motion must be denied. The settlement of December 20, 1979 in the instant case did not even reach the level of the settlements found insufficient in the above-cited cases, wherein the claims were either settled by Memoranda of Informal

---

formal conference was filed by the deputy commissioner or claims examiner. The employer did, however, file two documents with the Department of Labor manifesting his voluntary agreement to pay compensation to the longshoreman. *Pallas Shipping, supra,* 461 U.S. at 534, 103 S.Ct. at 1994.

Conference or supervised by claims examiners. It therefore clearly lacked the indicia of formality required by *Pallas Shipping, supra,* and cannot constitute a formal "compensation order" within the meaning of § 33(b).[5]

For all the foregoing reasons, plaintiff's action is not time-barred under section 33(b) of LHWCA, 33 U.S.C. § 933(b). Defendant's motion to dismiss is denied.

It is SO ORDERED.

---

**5.** The rationale for the *Pallas Shipping* decision seems to be particularly compelling in a case like Speerin's, where there was no notice from the Department of Labor until March of 1980. The statutory scheme contemplates that a plaintiff be given the opportunity to make a knowledgeable decision on whether to bring an action against a third party within six months after the amount of compensation to which he is entitled is established by a judicially enforceable order. *See Pallas Shipping, supra,* 461 U.S. at 538, 103 S.Ct. at 1996.