﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 190504-8622
DATE: July 25, 2019

ORDER

Entitlement to an initial rating in excess of 10 percent for bilateral hearing loss is denied.

Entitlement to an initial rating in excess of 10 percent for tinnitus is denied. 

Entitlement to an effective date prior to February 23, 2019 for the award of entitlement to service connection for bilateral hearing loss is denied.

Entitlement to an effective date prior to February 23, 2019 for the award of entitlement to service connection for tinnitus is denied.

FINDINGS OF FACT

1. Throughout the claim period, authorized audiological examinations have revealed no worse than Level III hearing impairment in the right ear, and Level VI hearing impairment in the left ear.

2. The Veteran’s tinnitus has been assigned a 10 percent evaluation, the maximum evaluation authorized under Diagnostic Code 6260, and his disability does not present an exceptional disability picture so as to warrant referral of this claim for extraschedular consideration.

3. The Veteran first filed a request to reopen a claim of entitlement to bilateral hearing loss on February 23, 2019. In an April 2019 rating decision, the agency of original jurisdiction reopened and granted the claim, effective the date of the request to reopen. 

4. The Veteran first filed a request to reopen a claim of entitlement to tinnitus on February 23, 2019. In an April 2019 rating decision, the agency of original jurisdiction reopened and granted the claim, effective the date of the request to reopen.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an increased rating in excess of 10 percent for bilateral hearing loss have not been satisfied. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.321, 4.85, Tables VI, VII (2018).

2. The criteria for entitlement to an initial rating in excess of 10 percent for tinnitus have not been satisfied. 38 U.S.C. §§ 1155, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.321, 4.87, Diagnostic Code 6260 (2018).

3. The criteria for the assignment of an effective date earlier than February 23, 2019 for the award of service connection for bilateral hearing loss have not been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2018).

4. The criteria for the assignment of an effective date earlier than February 23, 2019 for the award of service connection for tinnitus have not been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from July 1952 to June 1954. This case comes on appeal of an April 2019 rating decision. In May 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). In doing so, the Veteran appealed the April 2019 rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Increased Ratings

Disability evaluations are determined by the application of the facts presented to the VA’s Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Reasonable doubt as to the degree of disability will be resolved in the Veteran’s favor. 38 C.F.R. § 4.3.

Where an increase in the level of a disability is at issue, the primary concern is the present level of disability. Francisco v. Brown, 7 Vet. App. 55 (1994). Where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibits symptoms that would warrant different evaluations during the course of the appeal, the assignment of staged ratings is appropriate. See Fenderson v. West, 12 Vet. App. (1999); Hart v. Mansfield, 21 Vet. App. (2007).

In general, all disabilities, including those arising from a single disease entity, are rated separately, and all disability ratings are then combined in accordance with 38 C.F.R. § 4.25. Pyramiding, the evaluation of the same disability, or the same manifestation of a disability, under different diagnostic codes, is to be avoided when rating a Veteran’s service-connected disabilities. 38 C.F.R. § 4.14. 

Generally, separate disability ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition is not “duplicative of or overlapping with the symptomatology” of the other condition. Esteban v. Brown, 6 Vet. App. 259, 262 (1994). The Court has also held that within a particular diagnostic code, a claimant is not entitled to more than one disability rating for a single disability unless the regulation expressly provides otherwise. Cullen v. Shinseki, 24 Vet. App. 74 (2010).

1. Entitlement to an initial rating in excess of 10 percent for bilateral hearing loss from February 23, 2019 to April 15, 2019

The Veteran contends that he should be assigned a higher rating for bilateral hearing loss. The AOJ found that the Veteran’s hearing loss warranted a 10 percent disability rating under the rating tables of 38 C.F.R. § 4.85. 

Ratings for hearing loss are determined in accordance with the findings obtained on audiometric examination. Hearing loss disability evaluations range from noncompensable (0 percent) to a maximum 100 percent based on organic impairment of hearing acuity, as measured by controlled speech discrimination tests (Maryland CNC) in conjunction with the average hearing threshold, as measured by pure tone audiometric tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second (Hertz). The rating schedule establishes eleven auditory acuity levels, designated from Level I for essentially normal hearing acuity through Level XI for profound deafness. VA audiometric examinations are conducted using a controlled speech discrimination test together with the results of a pure tone audiometry test.

Under 38 C.F.R. § 4.85, the vertical lines in Table VI represent nine categories of the percentage of discrimination based on the controlled speech discrimination test. The horizontal columns in Table VI represent nine categories of decibel loss based on the pure tone audiometry test. The numeric designation of impaired hearing (Levels I through XI) is determined for each ear by intersecting the vertical row appropriate for the percentage of discrimination and the horizontal column appropriate to the pure tone decibel loss.

The percentage evaluation is determined from Table VII (in 38 C.F.R. § 4.85) by intersecting the vertical column appropriate for the numeric designation for the ear having the better hearing acuity and the horizontal row appropriate to the numeric designation for the ear having the poorer hearing acuity. See 38 C.F.R. § 4.85.

The provisions of 38 C.F.R. § 4.86(a) pertaining to exceptional patterns of hearing impairment provide that, when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Each ear is evaluated separately.

The provisions of 38 C.F.R. § 4.86(b) pertaining to exceptional patterns of hearing impairment provide that, when the pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear is evaluated separately.

The Veteran underwent a VA hearing examination in association with his service connection claim in April 2019. On the authorized audiological evaluation at that time, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 30 35 60 75 95

LEFT 35 40 70 90 95

Speech audiometry revealed speech recognition ability of 86 percent in the right ear and of 70 percent in the left ear. 

The average of these thresholds for the right ear is 66.25 decibels and for the left ear is 73.75 decibels. Under 38 C.F.R. § 4.85, Table VI, these results correspond to level III acuity in the right ear and level VI acuity in the left ear. Those levels, in turn, warrant a 10 percent rating for bilateral hearing loss under Table VII.

There are no other hearing evaluations of record during the appeal period. Accordingly, the Veteran is not entitled to a higher, schedular rating for bilateral hearing loss at any point pertinent to this appeal. The Board has carefully considered the Veteran’s assertions as to the difficulties associated with his hearing loss in daily life as compared to the conditions of the audiological evaluation, and in no way discounts the Veteran’s noise exposure during military service. In this regard, the Board notes that in a July 2019 brief, the Veteran, through his representative, maintained that the VA audiology examinations conducted in this case do not adequately portray the severity of his condition because they were conducted in the sterile quiet of the audiology booth and do not reflect the severity of his condition in the aspect of normal, daily life. The Board is, however, bound by law, and its decision is dictated by the relevant statutes and regulations. In this case, the regulations provide that an examination for hearing impairment for VA compensation purposes must be conducted by a state-licensed audiologist and must include a controlled Maryland CNC speech discrimination test and a pure tone audiometry test. See 38 C.F.R. § 4.85(a). As such, the applicable regulation sets forth the type and manner of testing required and specifically indicates speech discrimination tests be conducted in a controlled setting (not under “real world” conditions). The Veteran has not argued that the examination was otherwise inadequate. Thus, the testing method is appropriate. See Martinak v. Nicholson, 21 Vet. App. 477 (2007).

Accordingly, the Board has no discretion in this matter and must predicate its determination on the basis of the results of the audiology studies of record. See Lendenmann v. Principi, 3 Vet. App. 345 (1992). In other words, the Board is bound by law to apply VA’s rating schedule based on the audiometry results. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Here, the audiometry results show a level of hearing loss that is compatible with a 10 percent rating. Additionally, the Veteran has neither asserted nor complained of additional uncompensated symptoms associated with his service-connected hearing loss.

For all the foregoing reasons, the Board finds that, there is no basis for a rating in excess of 10 percent for bilateral hearing loss at any point during the appeal period. In reaching these conclusions, the Board has considered the applicability of the benefit-of-the doubt doctrine; however, given the mechanical method of deriving schedular ratings for hearing loss, that doctrine is not applicable. See 38 U.S.C. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Entitlement to an initial rating in excess of 10 percent for tinnitus from February 23, 2019 to April 15, 2019

The Veteran contends that he is entitled to an increased rating for his service-connected tinnitus, currently rated 10 percent disabling under Diagnostic Code 6260. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

Under Diagnostic Code 6260, a single 10 percent disability rating is warranted for tinnitus, regardless of whether it is unilateral or bilateral, or whether it is constant versus recurrent. Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006). Accordingly, the Veteran’s appeal for an initial increased schedular rating in excess of 10 percent for his tinnitus must be denied. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

The Board has also considered whether extraschedular consideration is warranted. While the Board cannot assign an extraschedular rating for a disability in the first instance, it can specifically adjudicate whether to refer a case to the VA Director of Compensation Services for an extraschedular evaluation when the issue is either raised by the claimant or is reasonably raised by the record. See Thun v. Peake, 22 Vet. App. 111, 115 (2008); Barringer v. Peake, 22 Vet. App. 242 (2008).

In determining whether referral for consideration of an extraschedular rating is warranted, the Board must first consider whether there is an exceptional or unusual disability picture, which occurs where the rating criteria do not reasonably describe or contemplate the severity and symptomatology of a Veteran’s service-connected disability. Thun, 22 Vet. App. at 115. If there is an exceptional or unusual disability picture, the Board must next consider whether the disability picture exhibits other factors such as marked interference with employment and frequent periods of hospitalization. Id. at 115-16. When these two elements are met, the appeal must be referred for an extraschedular evaluation.

The Board has compared the level of severity and symptomatology of the Veteran’s service-connected tinnitus with the established criteria found in the rating schedule. The Veteran and his representative have not reported any symptomatology that is not contemplated by the rating schedule. In the Veteran’s May 2019 notice of disagreement, the Veteran described his tinnitus as “ringing in [his] head and ears” that had existed since discharge. At the Veteran’s April 2019 VA examination, the examiner reported that tinnitus did impact the Veteran’s ordinary conditions of daily life, noting that it affected the Veteran’s ability to sleep. Although there was functional impact, it was not due to any symptoms that fall outside the schedular criteria. Therefore, the rating criteria contemplate the functional impairment that resulted from the Veteran’s tinnitus, and referral for extraschedular consideration is not warranted because there is not an exceptional and unusual disability picture. See Thun, 22 Vet. App. at 115-16; see also Doucette v. Shulkin, 28 Vet. App. 366 (2017). Furthermore, it has neither been alleged nor shown that the Veteran’s tinnitus specifically has caused marked interference with employment or resulted in frequent hospitalizations.

Effective Date

3. Entitlement to an effective date prior to February 23, 2019 for the award of entitlement to service connection for bilateral hearing loss

4. Entitlement to an effective date prior to February 23, 2019 for the award of entitlement to service connection for tinnitus

In his May 2019 notice of disagreement appealing this case directly to the Board, the Veteran stated that he wanted to appeal the fact that he did not show up for an exam that “would have proved [his] tinnitus and loss of hearing.” Moreover, in a July 2019 brief, the Veteran’s representative clarified that the Veteran believed he was entitled to an effective date prior to February 23, 2019 for the grant of entitlement to service connection for both bilateral hearing loss and tinnitus. 

By way of background, the Veteran first filed a claim of entitlement to service connection for bilateral hearing loss and tinnitus in May 2011. The claims were denied by the AOJ in a July 2012 rating decision, in part because the Veteran had failed to report for a VA examination. The Veteran filed a timely notice of disagreement indicating that he could not attend the scheduled VA examination because he was living in another location for part of the year and had not received his forwarded mail in time. 

VA then attempted to reschedule the Veteran’s hearing loss and tinnitus examination in June 2013. The Veteran did not report to this examination, and it appears based on the record that he may not have been notified about the examination’s scheduling. The AOJ then issued an August 2013 rating decision continuing the denial of entitlement to service connection for bilateral hearing loss and tinnitus. 

In September 2014, VA was able to afford the Veteran a hearing loss and tinnitus examination. In January 2017, after significant development on unrelated issues, the AOJ issued a statement of the case (SOC) denying entitlement to service connection for bilateral hearing loss and tinnitus. That denial was based on a negative nexus statement from the September 2014 examiner. 

In February 2017, the Veteran submitted a VA Form 9, formally appealing an unrelated claim to the Board (which was subsequently granted by the AOJ). On the February 2017 Form 9, however, the Veteran specifically limited the appeal to entitlement to service connection for basal carcinoma. The Veteran did not submit any additional appeal regarding the January 2017 SOC within 60 days of that decision, therefore, the July 2012 rating decision became final. 

The Veteran then submitted a claim on February 23, 2019, requesting entitlement to service connection for bilateral hearing loss and tinnitus. Since the prior claims for these issues had been finally denied, the February 2019 claim represented a request to reopen those claims. The AOJ reopened and granted those claims in the April 2019 rating decision discussed above. 

The effective date for an award of compensation based on an original claim will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. With respect to claims to reopen, an effective date for a reopened claim of entitlement to service connection can be no earlier than the date the request to reopen the claim was filed. See 38 U.S.C. §5110(a); 38 C.F.R. § 3.400(q)(1)(ii); see also Jones v. Shinseki, 619 F.3d 1368, 1371 (Fed. Cir. 2010) (noting for an award based on a claim reopened after a final adjudication, the effective date is typically the date that the request to reopen was filed). There is no provision in either statute or VA regulations that allows for an earlier effective date based on a reopened claim unless a clear and unmistakable error (CUE) was committed in a prior decision, or unless the new and material evidence resulted from receipt of additional relevant service department records. See 38 U.S.C. § 5110(i); 38 C.F.R. §§ 3.105, 3.156(c).

Here, there is no evidence that the Veteran filed the request to reopen the claims of entitlement to service connection for bilateral hearing loss and tinnitus prior to February 23, 2019. Moreover, new and material evidence did not result from receipt of official department records and, as will be further discussed below, the Veteran has not claimed CUE. Accordingly, by law, the earliest possible effective date for the grant of the claims was February 23, 2019, as applied. 

The Board recognizes that the Veteran feels he has been materially prejudiced by VA’s communication process with regard to scheduling examinations for hearing loss and tinnitus. This is not the case, however. As was noted above, the Veteran was ultimately provided a VA examination in September 2014, while the initial claim was still pending. The AOJ then reevaluated the claims with that examination of record and continued to deny them. The Veteran had an opportunity to appeal that decision to the Board, but specifically chose not to do so by limiting the appeal in his February 2017 VA Form 9. By not perfecting the issue to the Board, the initial AOJ denial of both claims became final. 

The Board notes that if the Veteran feels that CUE was committed in a prior decision, he is entitled to submit a claim alleging such error, however, any claim of CUE must be pled with specificity. See Andre v. West, 14 Vet. App. 7, 10 (2000), aff’d sub nom, Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002). Here, the Veteran has not specifically claimed CUE in the prior final rating decision. 

Accordingly, the preponderance of the evidence is against a finding that the Veteran is entitled to an effective date prior to February 23, 2019 for the grant of entitlement to service connection for bilateral hearing loss and tinnitus. As the preponderance of the evidence is against this finding, the “benefit of the doubt” rule is not applicable and the Board must deny the claim. See 38. U.S.C. §5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Giaquinto, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.